## THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Pittsburgh)

| | | |
|---|---|---|
| IN RE: | : | |
| DAVID G. LONGO | : | Bk. No. 15-21905-CMB |
| Debtor | : | |
| | : | Chapter No. 07 |
| WELLS FARGO BANK, NA | : | |
| Movant | : | Document No. |
| v. | : | |
| DAVID G. LONGO | : | |
| and | : | |
| NATALIE LUTZ CARDIELLO, ESQUIRE (TRUSTEE) | : | |
| Respondents | : | |

### MOTION OF WELLS FARGO BANK, NA FOR RELIEF FROM THE AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Movant, by its attorney, Phelan Hallinan Diamond & Jones, LLP hereby requests a termination of the Automatic Stay and leave to foreclose on its mortgage on real property owned by Debtor.

1.      Movant is **WELLS FARGO BANK, NA**.

2.      Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

3.      Debtor, **DAVID G. LONGO** is the owner of the premises located at **1551 WEST INGOMAR ROAD, PITTSBURGH, PA 15237**, hereinafter known as the mortgaged premises.

4.      Movant is the holder of a mortgage in the original principal amount of **$183,528.00** on the mortgaged premises, that was executed on **September 24, 2010**.  The terms of the Debt Agreement were amended by a loan modification agreement entered into by and between Wells Fargo Bank, N.A. and Debtor dated December 11, 2012 (the "Loan Modification Agreement").

5.      Movant wishes to institute foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required thereunder.

6.      The principal balance owed on the loan as of the date the Chapter 13

bankruptcy was filed is $175,951.32.

7.      As of 06/29/2016, interest in the amount of $3,774.04 has accrued since the application of the last payment received from the Debtor.

8.      In addition, the following charges, fees and costs have been added to the balance of the loan and are due and owing to Movant:  Pro Rate MIP in the amount of $74.08.

9.      As of 06/29/2016, the payoff due on the mortgage is $176,981.55.

10.     Debtor has failed to tender payments for the months of January 2016 through June 2016.  The monthly payments for January 2016 through June 2016 are $1,377.16, less suspense in the amount of $548.78.  The next payment is due on or before July 1, 2016 in the amount of $1,414.52.

11.     As of 06/29/2016, the amount necessary to reinstate the loan is $7,714.18.

12.     The fair market value of the premises is $210,000.00 based on an appraisal/BPO dated 06/27/2016. A copy of the appraisal/BPO is attached hereto as Exhibit "A" and made a part hereof.

13.     As per the Debtor's Statement of Intention, dated June 3, 2016, the Debtor plans to surrender the property.  A copy of the Debtor's Statement of Intention is attached hereto as Exhibit "B" and made a part hereof.

14.     There are no Junior Lien holders.

15.     There are no liens on the premises that are senior to Movant's lien.

16.     The foreclosure proceedings to be instituted were stayed by the filing of the instant Chapter 7 Petition.

17.     The Debtor has little to no equity in the premises.

18.     Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

19.     Movant specifically requests permission from the Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable

nonbankruptcy law.

20.    Respondent, NATALIE LUTZ CARDIELLO, Esquire, is the Trustee

appointed by the Office of the United States Trustee.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a.    Modifying the Automatic Stay under 11 U.S.C. Section 362 of the Bankruptcy

Code with respect to the mortgaged premises as to permit the Movant, its successors or assignees, to

foreclose on its mortgage or take any legal or consensual action enforcement of its right to possession

of, or title to, said premises (such actions may include but are not limited to the signing of a deed in

lieu of foreclosure or entering into a loan modification agreement) and to allow the purchaser of said

premises at Sheriff's Sale (or purchaser's assignee) to take any legal or consensual action for

enforcement of its right to possession of, or title to, said premises; and

b.    Granting any other relief that this Court deems equitable and just.

/s/ Robert P. Wendt, Esquire
Robert P. Wendt, Esq., Id. No.89150
Phelan Hallinan Diamond & Jones, LLP
Omni William Penn Office Tower
555 Grant Street, Suite 300
Pittsburgh, PA 15219
Phone Number: 215-563-7000 Ext 37382
Fax Number: 215-568-7616
Email: Robert.Wendt@phelanhallinan.com
Attorney for Movant/Applicant

August 1, 2016